IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ANTONIO CALDWELL**, Individually, and on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> **LEWIS BROTHERS BAKERIES, INC.**, and **LEWIS BROTHERS BAKERIES INCORPORATED OF TENNESSEE**, <br><br> Defendants. | Case No. <br><br> **RULE 23 CLASS ACTION** <br><br> **JURY TRIAL DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff Antonio Caldwell, on behalf of himself and all others similarly situated, for his Class Action Complaint against Lewis Brothers Bakeries, Inc., and Lewis Brothers Bakeries Incorporated of Tennessee ("Defendants" or "Lewis"), alleges upon information and belief as follows:

### a.   INTRODUCTION.

1. This is a class action by Plaintiff against Defendants, jointly and severally, under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001-119lc, and is brought under ERISA to obtain appropriate equitable relief for acts of discrimination under ERISA § 510, 29 U.S.C. § 1140, and for such further equitable relief as may be appropriate.

### b.   JURISDICTION AND VENUE.

2. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(l), 29 U.S.C. §1132(e)(l).

3. Venue is proper in this District pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2). The violations and breaches alleged took place within this district and Defendants do business in this district.

### c. PARTIES.

4. Plaintiff Antonio Caldwell is and was a resident of Maury County, Tennessee, at all times relevant to the matters at issue herein. Plaintiff was employed by Defendants as an hourly-paid "merchandiser" within this District at all material times.

5. Defendant Lewis Brothers Bakeries, Inc. is a Missouri corporation with its principal place of business at 500 N. Fulton Avenue, Evansville, Indiana 47710. According to the Indiana Secretary of State, Defendant Lewis Brothers Bakeries, Inc. may be served with process via its registered agent, CT Corporation System, located at 334 North Senate Avenue, Indianapolis, Indiana 46204.

6. Defendant Lewis Brothers Bakeries Incorporated of Tennessee is a Tennessee corporation principal place of business at 855 Scott Road, Murfreesboro, Tennessee 37129. According to the Tennessee Secretary of State, Defendant Lewis Brothers Bakeries Incorporated of Tennessee may be served with process via its registered agent, CT Corporation System, located at 300 Montvue Road, Knoxville, Tennessee 37919.

7. Defendants make and prove provide fresh bakery products in seventeen (17) states. Defendants' product lines are marketed under a number of well-known brands, such as Lewis Bake Shop and Bunny Bread. In addition, Defendants owns franchises of Holsum, Sunbeam, Butternut, Sun-Maid, and Cinnabon. According to Dun & Bradstreet Defendants' annual revenue for fiscal year 2018 was $456.59 million dollars.

### d. CLASS ACTION ALLEGATIONS.

8. This class action is brought pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of a class of persons currently or formerly employed by Defendants within the relevant statutory period year who, but for Defendants scheme of requiring, suffering, and/or permitting Plaintiff (and the putative class) to each work for Defendants under multiple, different names and/or aliases, would have been entitled to an ERISA health insurance plan sponsored by Defendants ("Defendants' Plan").

9. By way of example, Plaintiff was required and/or permitted by Defendants to submit an application in the name of his significant other "Felicia." Defendants told Plaintiff he could not work "in his name" for more than thirty (30) hours per week because they would be required to classify him as a "full time employee." Defendants had Plaintiff submit an application under the name of "Felicia," who they then "hired" and suffered and/or required Plaintiff to work as.

10. The class is so numerous that joinder of all members is impracticable. The class consists of thousands of persons. According to their website, Defendants employ at least two-thousand (2,000) individuals. *See* https://www.lewisbakeries.net/about/ (last visited Oct. 8, 2020).

11. Questions of law or fact are common to all the members of the class. The common questions of law or fact include, but are not limited to the following:

    a. Whether Defendants acted to deny Plaintiff and the class coverage under their ERISA plan;

b. Whether Defendants required, suffered, and/or permitted Plaintiff and the putative class to work for Defendants under multiple names to reduce their number of full-time employees;

c. Whether employed this scheme, in whole or part, of avoiding the costs associated with providing health insurance to its full-time employees in compliance with the requirements of the Affordable Care Act ("ACA");

d. Whether Defendants intentionally interfered with the rights of Plaintiff and the class under the Plan.

12. Plaintiff's claims are typical of the claims of the class. He was employed by Defendants. He was subjected to a scheme of requiring, suffering, and/or permitting the putative class to work for Defendants under multiple, different names and/or aliases, and would have been entitled to an ERISA health insurance plan sponsored by Defendants otherwise. As a result, like other class members, Plaintiff, like others, was denied coverage under the Plan.

13. Plaintiff will assure the adequate representation of all members of the class, and has no conflict with class members in the maintenance of this class action. He has had no relationship with Defendants except as an employee. His interests in this action are antagonistic to the interests of Defendants, and he will vigorously pursue the claims of the class. Plaintiff has no interest antagonistic to or in conflict with the interests of the class.

14. Plaintiff has retained counsel experienced in the prosecution of class litigation.

15. Defendants acted on grounds generally applicable to the class so that final injunctive and declaratory relief is appropriate with respect to the class.

16. The calculation of the equitable restitution to be awarded to Plaintiff and the class is formulaic and is capable of computation by means of objective standards.

17. No undue difficulties are anticipated to result from the prosecution of this suit as a class action.

18. Plaintiff will seek to identify all class members through such investigation and discovery as may be appropriate. Plaintiff will provide to the class such notice of this action as the Court may direct.

### e. FACTUAL ALLEGATIONS.

19. Defendants own and operate bakeries in Evansville, Indiana; LaPorte, Indiana; Ft. Wayne, Indiana; Vincennes, Indiana; and Murfreesboro, Tennessee; and their headquarters are in Evansville, Indiana. Lewis Bakeries employs approximately 2,000 people who provide fresh bakery products in 17 states.

20. Defendants hired Plaintiff roughly 4 to 5 years ago. Plaintiff has worked for Defendants as an hourly-paid merchandiser employee.

21. Defendants' full-time employees are allowed to participate in and receive health insurance coverage under Defendants' ERISA plan.

22. On or about March 23, 2010, the ACA became law and required that insurance coverage provided by covered employers must be affordable and provide a minimum value, within the meaning of the law, or the employers may liable for a penalty. These requirements became effective for employers with over 100 full-time employees on January 1, 2015.

23. The ACA required additional changes to the insurance provided by employers, including but limited to, requiring that such insurance plans must:
    a. Provide dependent coverage for children up to age 26;
    b. Not place lifetime limits on the dollar value of coverage and prohibit insurers from rescinding coverage, except in cases of fraud;

    c. Not exclude coverage for pre-existing condition exclusions;

    d. Limit any waiting periods for coverage to 90 days;

    e. Spend at least 80% or 85% of premium dollars on medical care, and be subject to review of premium rate increases; and

    f. Cover certain preventive services without any cost-sharing for the enrollee when delivered by in-network providers (services such as blood pressure, diabetes and cholesterol tests; many cancer screenings; routine vaccinations; pre-natal care; and regular wellness visits for infants and

24. Upon information and belief, Defendants designed and implemented a companywide effort intended to 'right-size' the number of full-time and part-time employees, so as to avoid the costs associated with providing insurance that complied with the requirements of the ACA.

25. In accordance with this scheme, Defendants would not allow Plaintiff to work more than 28 hours each week as Antonio Caldwell. The pertinent ERISA plan provides coverage to full-time employees (i.e., employees who average 30 or more hour worked per week).

26. Mr. Caldwell was told he could not work more than 28 hours per week because he could not be allowed to be classified as a "full time" employee and, thus, entitled to benefits under the ERISA plan

### f. CLAIM FOR RELIEF.

27. Plaintiff repeats and re-alleges the allegations in all preceding paragraphs as if fully set forth herein.

28. At all times relevant, Defendants' Plan was an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. §1002.

29. At all relevant times, Plaintiff and the class were qualified for their positions at Lewis.

30. Defendants entered into companywide effort to reduce work hours for Plaintiff and the class to under 30 hours per week and "per name" with the intent and the purpose, in whole or part, of interfering with their attainment of their rights as participants under Defendants' Plan.

31. As a result, Plaintiff and the class were erroneously denied health insurance benefits they were entitled to under Defendants' Plan.

32. By creating a scheme of requiring, suffering, and/or permitting Plaintiff (and the putative class) to each work for Defendants under multiple, different names and/or aliases, Defendants interfered with the attainment of their rights to participate in Defendants' Plan, in violation of § 510 of ERISA, 29 U.S.C. § 1140.

33. Plaintiff and the class have suffered a loss of health insurance benefits and seek equitable restitution as a result of Defendants' violation of § 510 of ERISA, 29 U.S.C. § 1140.

34. Plaintiff and the class have suffered a loss of wages and benefits due to the reduction in their hours, and seek equitable restitution as a result of Defendants' violation of §510 of ERISA, 29 U.S.C. § 1140.

**PRAYER FOR RELIEF.**

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the court:

a. Issue an Order certifying that this action may be maintained as a class action appointing named Plaintiff and his counsel to represent the Class, and directing that reasonable notice of this action be given by Defendants to all Class Members;

b. Order Defendants to immediately reinstate Plaintiff and the class to full-time positions and to restore their rights of participation in Defendants' Plan that complies with the requirements of the ACA;

c. Award Plaintiff and the class equitable restitution to make Plaintiff and the class whole for the loss of wages and benefits, with interest;

d. Award Plaintiff and the class equitable restitution to make them whole for the costs of health insurance they secured to replace the health insurance Defendants denied them and to reimburse them for any out of pocket costs for medical claims that would have been paid in whole or in part as if they and their beneficiaries had continued to participate in Defendants' Plan;

e. Award Plaintiff reasonable attorney's fee and costs pursuant to 29 U.S.C. ll32(g); and

f. Grant Plaintiff and class members such other further relief both general and specific as the court deems necessary and proper in this case.

Respectfully Submitted,
*/s/J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
Robert E. Morelli, III (TN BPR #37004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*
*rmorelli@jsyc.com*
&
Nina Parsley (TN BPR #23818)
**PONCE LAW**
400 Professional Park Drive
Goodlettsville, TN 37072
*nina@poncelaw.com*

*Attorneys for Plaintiff and the class.*